E-FILED
Tuesday, 15 July, 2014  08:49:08 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

PEORIA DIVISION

XAVIER BALL,
        plaintiff,

- VS -

    STATE OF ILLINOIS,
WEXFORD HEALTH SOURCES, Inc., RANDY PFISTER,
ANNABEL MOTTELIER, GUY PIERCE Sr., MICHAEL
MELVIN, MICHAEL TILDEN, DOCTOR ASSISTANT
ODEAYLE, JOE NUMERGUY, MEDICAL TECHNICIAN
TINSLEY, MEDICAL TECHNICIAN CHRISTY, TRACI
KJELLESVIK, PONTIAC CORRECTIONAL CENTER, ILLINOIS
DEPARTMENT OF CORRECTIONS, SALVADOR GODINEZ, PATRICK
QUINN, OTHER UNKNOWN NURSES, OTHER UNKNOWN
MEDICAL TECHNICIANS,   defendants.

Case No. _____

COMPLAINT

☐ 42 U.S.C. § 1983 (suit against state officials for constitutional violations)

Now comes the plaintiff Xavier Ball, and states as follows:

My current address is: Pontiac Correctional Center, 700 W. Lincoln Street, Pontiac, Illinois, 61764.

The defendant Wexford Health Sources, Inc. is a corporation headquartered in Pittsburg Pennsylvania at 425 Holiday Drive, Foster Plaza #2, Pittsburg, Pennsylvania, 15226.

The defendant Randy Pfister is employed as Chief Administrative Officer (Warden) at Pontiac Correctional Center at 700 W. Lincoln St.

1

Pontiac, Illinois, 61764.

The defendant Annabel Mottelier is employed as Assistant Warden at Pontiac Correctional Center located at 700 W. Lincoln Street, Pontiac, Illinois, 61764.

The defendant Guy Pierce Sr. is employed as Assistant Warden at Pontiac Correctional Center located at 700 W. Lincoln Street, Pontiac, Illinois, 61764.

The defendant Michael Melvin is employed as Assistant Warden at Pontiac Correctional Center located at 700 W. Lincoln Street, Pontiac, Illinois, 61764.

The defendant Michael Tilden is employed as a Doctor and a Medical Director at Pontiac Correctional Center Located at 700 W. Lincoln Street in Pontiac, Illinois, 61764.

The defendant Doctor Assistant Odearle is employed as a Doctor Assistant at Pontiac Correctional Center located at 700 W. Lincoln Street in Pontiac, Illinois, 61764.

The defendant Joe Numergut is employed as a medical technician at Pontiac Correctional Center located at 700 W. Lincoln Street in Pontiac, Illinois, 61764.

2

The defendant Medical Technician Tinsley is employed as a Medical Technician at Pontiac Correctional Center located at 700 W. Lincoln Street in Pontiac, Illinois, 61764.

The defendant Medical Technician Christy is employed as a Medical Technician at Pontiac Correctional Center located at 700 W. Lincoln Street in Pontiac, Illinois, 61764.

The defendant Traci Kjellesvik is employed as a nurse at Pontiac Correctional Center located at 700 W. Lincoln Street in Pontiac, Illinois, 61764.

The Pontiac Correctional Center is a prison within the State of Illinois' Illinois Department of Corrections prison system and is located at 700 W. Lincoln Street in Pontiac, Illinois, 61764.

The defendant, State of Illinois, is a state of the United States of America.

The defendant, Illinois Department of Corrections, is the state of Illinois prison system with Pontiac Correctional Center being one of its prisons and its headquarters located at 1301 Concordia Court, Springfield, Illinois, 62794.

The defendant Salvador Godinez, is employed as the Director

3

of the Illinois Department of Corrections with his principal place
of business : 1301 Concordia Court, Springfield, Illinois, 62794.

The defendant, Patrick Quinn, is employed as the Governor
of the State of Illinois with his principal place of business at State
House in Springfield, Illinois.

The defendants other unknown nurses are unknown nurses
whom will be identified at a later date. Their place of employment
is Pontiac Correctional Center 700 W. Lincoln St. Pontiac, Illinois, 61764.

The defendants other unknown medical technicians are unknown
medical technicians whom will be identified at a later date. Their place of
employment is Pontiac Correctional Center 700 W. Lincoln St. Pontiac, Illinois,
61764.

All of the defendants are sued in their individual and their official
capacities.

4

## LITIGATION HISTORY

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?  Yes ☐  No ☑

B. Have you brought any other lawsuits in state or federal court while incarcerated?  Yes ☐  No ☑

C. If your answer to B is yes, how many?  None   N/A

1. Parties to previous lawsuit: Never filed previous lawsuit.
   Plaintiff  N/A
   Defendants  N/A

2. Court:  N/A

3. Docket Number/Judge:  N/A

4. Basic claim made:  N/A

5. Disposition:  N/A

6. Approximate date of filing lawsuit:  N/A

7. Approximate date of disposition:  N/A

5

## STATEMENT OF CLAIM

Places of the occurence : Pontiac C.C. .
Dates of the occurence : See Infra .

## CASE NATURE

1) The claims in this action arise out of the same transaction, occurence
or series of transactions or occurences, pertain to defendants in common
and questions of law or fact common to all defendants will arise in this
action.

2) This is a case seeking declaratory judgments, actual and punitive damages
and injunctive relief regarding claims of plaintiff being subjected
continuously by defendants to deliberate indifference to his serious
medical needs particularly a life threatening and spreading chronic,
prolonged, manifest and agonizingly painful, crippling, disabling, face,
back, chest, genitals and other body parts —seriously disfiguring and
great skin swelling causing, with oozing and discharges skin dise-
ase and infection.

## JURISDICTION

3) The Court has jurisdiction over the plaintiffs claims of violations of
his federal constitutional rights under 28 U.S.C. § 1331 and 1343.

4) The Court has jurisdiction over the plaintiffs claims of violations of Inter-
national law rights under U.S. Constitution Art. 1 § 8, cl 10 ; U.S. Const-
itution Art. 2 § 2, the Supremacy Clause of the U.S. Constitution and
the general federal question provision 28 U.S.C. § 1331.

5) Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202.

6) Plaintiff claims for injunctive relief are authorized by 28 U.S.C. §§ 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure.

"STATEMENT OF FACTS"

7) The plaintiff was an inmate serving a prison sentence, for felony convictions, at Pontiac Correctional Center at all times relevant to this complaint.

8) The defendant Wexford Health Sources, Inc., is a corporation headquartered in Pittsburg, Pennsylvania, which provides health services, throughout the Illinois Department of Corrections including Pontiac Correctional Center by contract with the state of Illinois for hundreds of millions of dollars. Defendant Wexford Health Sources, Inc. is ultimately responsible for all policys, practices, procedures, customs and usages of Wexford Health Sources Inc. and its employees that apply to or otherwise affect the inmates at Pontiac Correctional Center including plaintiff.

9) The defendant Michael Tilden (like Wexford Health Sources Inc.) is also responsible for all policys, practices, procedures, customs and usages of Wexford Health Sources, Inc. and its employees that apply to or otherwise affect inmates at Pontiac Correctional Center including plaintiff.

10) That at all relevant times defendant Randy Pfister Chief Administrative Officer Warden is responsible or ultimately responsible for all policys, practices, procedures, customs and usages of the Illinois Department of

7

Corrections and Pontiac Correctional Center that apply to or otherwise affect the inmates at the Pontiac Correctional Center, including plaintiff.

11) That at all relevant times defendants Annabel Mottelier, Guy Pierce Sr, and Michael Melvin were also responsible or ultimately or partly responsible for all policies, practices, procedures, customs and usages of the Illinois Department of Corrections and Pontiac Correctional Center that apply to or otherwise affect the inmates at Pontiac Correctional Center including plaintiff.

12) That at all relevant times as director of the Illinois Department of Corrections defendant Salvador Godinez is responsible or ultimately responsible for all policies, practices, procedures, customs and usages of the Illinois Department of Corrections and Pontiac Correctional Center that pose harm and the imminent risk of harm, to the persons of the Pontiac Correctional Center inmates including plaintiff where they knew or should have known their subordinates were doing nothing to remedy and themselves failed to take any reasonable steps to remedy.

13) That defendant, State of Illinois, is at all times relevant to this complaint ultimately responsible for its subordinates, the defendants named in this complaint, and their policies, practices, procedures, customs and usages.

14) That defendant, Patrick Quinn, as Governor of Illinois, is the highest-ranking official of the State of Illinois, with ultimate policymaking power and authority. He is also ultimately responsible for the defendants named in this complaint and their policies, practices, procedures, customs and usages where he knew that his subordinates incl-

8

ludins defendants were failing to take the reasonable steps to protect plaintiff and himself failed to take any reasonable steps to protect the plaintiff desrite his ability such as by or through the exercise of his duty to direct, supervise or control.

## COLOR OF STATE LAW

15) All of the defendants named in this case have acted under color of state law at all times relevant to this complaint.

### NO DEFENDANTS IN ACTIVE MILITARY SERVICE

16) On info and belief none of the defendants are in active military service.

### MIND STATE SUPPORTING PUNITIVE DAMAGES

17) At all times relevant to this complaint the defendants actions and actions were deliberate, malicious, willfull and with an evil intent.

POLICY, PRACTICE, PROCEDURE, CUSTOM AND USAGE OF DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS PURSUANT TO WHICH DEFENDANTS ARE BEING DELIBERATELY INDIFFERENT TO PLAINTIFFS SERIOUS MEDICAL NEEDS

18) That at all times relevant to this complaint there was and is a longstanding, deeply embedded, persistant and widespread policy, practice, procedure, custom and usage (contrary to written policy) of Wexford Health Sources, Inc. and its employees at Pontiac Correctional Center, State of Illinois, Illinois Department of Corrections and its employees

9

at Pontiac Correctional Center and Pontiac Correctional Center and its employees at Pontiac Correctional Center of denying the inmates of the Pontiac Correctional Center including plaintiff of the needed medical treatment to treat their serious medical needs, including plaintiffs serious medical needs.

19) That at all times relevant to this complaint this policy, practice, procedure, custom and usage was and is so permanent and well settled as to have the force of law.

20) That at all times relevant to this complaint this policy, practice, procedure, custom and usage was and is a cost cutting money saving measure.

21) That at all times relevant to this complaint the application of this policy, practice, procedure, custom and usage was and still is the systematic, well established and everyday facet of institutional life at Pontiac C.C..

22) That at all times relevant to this complaint this policy, practice, procedure, custom and usage was participated in, allowed, condoned, approved and otherwise turned a blind eye to by all named defendants.

10

DELIBERATE INDIFFERENCE INSTANCES

23) That plaintiff was transferd to Pontiac Correctional Center on or about 02/20/2013  for placement in segregation

24) That since his transfer to Pontiac Correctional Center plaintiff has communicated to defendants State of Illinois, Wexford Health Sources, Inc., Randy Pfister, Annabel Mottelier, Guy Pierce Sr., Michael Melvin, Michael Yilden, Doctor Assistant Odearle, Joe Numerguf, Tinsley, Christy, Traci Kjellesvik, Pontiac Correctional Center, Illinois Department of Corrections, unknown nurses and unknown med techs multiple times in writing and face to face every single month since 02/20/2013 to date that he needed the needed medical treatment to treat his serious medical needs being a life threatening and spreading chronic, prolonged, manifest and agonizingly painful, crippling, disabling, face, back, chest, genitals and other body parts seriously disfiguring and great skin swelling causing, with oozing and discharges and rashes itching, burning, excoriations skin disease and infection. And this illness looks horrible like plaintiff is a Leper with MRSA huge bumps bulging from under his skin. And this illness impairing:
a) plaintiffs performing manual tasks b) caring for himself c) mobility d) ability to sleep e) facial nerves f) urination and defecation g) communicating and h) eating.

25) That in response to the plaintiffs requests for needed

11

medical treatment to defendants described above in paragraph 24
supra the defendants in paragraph 24 supra deliberately,
maliciously, willfully, sadistically with an evil intent
continuously denied plaintiff of the needed medical
treatment needed to treat his serious medical needs,
including pain medication.

26) That the defendants stated in paragraph 24 supra
deliberate indifference to plaintiffs serious medical
needs denying plaintiff of the needed medical treatment
was done pursuant to the policy, practice, procedure, custom and
usage described supra in paragraphs 18 to 22.

27) The defendants stated in paragraph 24 supra
have repeatedly stated to plaintiff that the needed medical
treatment needed to treat his serious medical needs would
be a outside hospitalization in excess of a month while on
intravenous antibiotics particularly a specific I.V. antibiotic
that is fairly new and can only be obtained at a cost of
many thousands of dollars potentially tens of thousands of dollars
to hundred thousands of dollars and that plaintiff would require
surgerys to remove his infections. These defendants stated

12

in paragraph supra. have repeatedly told plaintiff that they are not
allowed to purchase the I.V. antibiotic [Linezolid[1]] he needed because its soo expe-
nsive thousands of dollars, high range, just for some days worth. They say
its the ~~first choice the~~ cutting edge in Methicillian Resistant illnesses. The
defendants in paragraph 24    supra repeatedly stated to plaintiff that
Wexford Health Sources, Inc. and Pontiac C.C. and the I.D.O.C. is
not going to bear the costs of plaintiffs medical treatment and
thus that plaintiffs denial is being done pursuant to the policy, practice,
procedure, custom and usage described supra in paragraphs 18 to 22 .

28) Plaintiff between April 2013 and to date___ has sent several
letters to defendant Godinez asking him to secure him and provide him the
needed medical treatment to treat his serious medical needs described
supra in paragraph 24    yet defendant Godinez has failed to take
any reasonable steps to secure plaintiff and provide plaintiff the needed
medical treatment to treat his serious medical needs such as by or through
the exercise of his ability to direct, supervise or control and his failure
to do so was done pursuant to the policy, practice, procedure, custom and
usage described supra in paragraphs 18 to 22 .

29) That at all times relevant to this complaint defendant Patrick
Quinn knew or should have known that his subordinates all
named defendants were failing to take the steps to provide the

[1] Linezolid is the name of the antibiotic to the
best of plaintiff memory.

13

plaintiff the needed medical treatment needed to treat his serious medical needs as described above and he himself has failed to take any reasonable steps to protect the plaintiff from the same despite his ability to do so such as by or through the exercise of his duty to direct, supervise or control.

30) That at all times relevant to this complaint all named defendants knew or should have known that plaintiffs serious medical needs place plaintiff in the imminent risk of suffering death to his person.

31) That defendants named in paragraph 24   supra are further failing to treat plaintiffs serious medical needs described in paragraph 24   supra to discriminate against plaintiff because of his serious medical needs described in paragraph 24   supra.

32) That at all times relevant to this complaint these policies, practices, procedures, customs and usages are implicity or tacitly authorized, known of, encouraged, allowed, condoned, approved, acquiesed in, directed, engaged in, ratified, promulgated, covered up and otherwise turned a blind eye to by the defendants named in this complaint.

A.D.A. & REHABILITATION ACT

33) The plaintiff is a qualified individual with multiple disabilities as defined under the American with Disabilities Act and it's implementing regulations, including 42 U.S.C. section 12131 (2)

14

and section 12102 (2). Plaintiff has mental and physical impairments
that substantially limit one or more major life activities; and or
he has records of having such impairments; and or he is regarded
as having such impairments.

34) That the Pontiac Correctional Center housing plaintiff is a public
entity as that term is defined in 42 U.S.C. section 12131. All
defendants acted in their official capacities as representatives
of the public entity that is the Pontiac Correctional Center.

35) The plaintiff meets the essential eligibility requirements for the
receipt of services or the participation in programs and activities
by all defendants in this case as relevant and their agents.

36) That upon information and belief the Illinois Department of
Corrections receives federal financial assistance, thus making it subject
to section 504 of the Rehabilitation Act, 29 U.S.C. section 794
(a) and section 705 (20).

37) That plaintiff is a qualified individual with a disability
as defined in the Rehabilitation Act and implementing regulations.
Plaintiff has physical impairments that substantially limit one or more
major activities; and or he has records of having such impairments;
and or he is regarded as having such impairments.

15

38) All named defendants are refusing to provide plaintiff with the proper treatment needed to treat his serious medical illness.

39) All named defendants are failing to reasonably accomodate the plaintiffs physical disabilities and instead are discriminating against him in ways that increase the severity of his ~~medical~~ physical illness by such methods as denying him the needed medical treatment necessary to treat his serious medical needs.

40) All named defendants are failing to reasonably accomodate plaintiffs physical illness disability and instead are discriminating against him in ways that increase the severity of his physical illness disability by such methods as denying him the needed medical treatment to treat his serious medical needs.

RELEVANT TO INTERNATIONAL LAW CLAIMS

41) Where an violation of International Law would also violate the 8th Amendment as does defendants deliberate indifference to plaintiffs serious medical needs it is able to be raised in federal court as is plaintiffs International Law claims infra.

42) Deliberate indifference to inmates serious medical needs has become so abominable and prohibitory and classified as torture across the planet and goverments and world and religious

16

organizations that plaintiffs International Law Claims have attained the status of jus cogens customary International Law making them plaintiffs International Law Claims infra cognizable in this case.

43) The International Law Claims infra prohibit as torture the defendants deliberate indifference to plaintiff serious medical needs supra.

44) The deliberate indifference of all defendants supra in denying the plaintiff of the needed medical attention needed to treat his serious medical needs is torture of plaintiff by defendants.

45) The below cited International Law provisions violations all prohibit the defendants denying the plaintiff of the needed medical attention needed to treat his serious medical needs.

For the foregoing reasons and as a direct and proximate cause of defendants wrongful conduct and actions and inactions and policy, practice, procedure, custom and usage plaintiff has suffered and will continue to suffer:

a.) his life threatening and spreading chronic, prolonged, manifest, and agonizingly painful, crippling, disabling, face, back, chest, genitals and other body parts seriously disfiguring and great skin swelling causing, with oozing and discharges and rashes, itching, burning, excoriations skin disease and infection, risk of death, pain and suffering and future pain and suffering, mental pain and suffering, fright, shock, humiliation, mortification and future mental pain and suffering;

b.) violations of the 8th and 14th Amendments to the U.S. Constitution, prohibition of cruel and unusual punishment;

c.) violations of the Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment, December 10, 1984, G.A. Res. 39/46, 39 UNGAOR, 39th Sess., Supp., No. 51 at 197, UN Doc. A/39/51;

d.) violations of the International Covenant on Civil and Political Rights, Dec. 16, 1966, Articles 7, 10, G.A. Res. 2200 A (XXI), U.N.G.A.O.R., 21st Sess., Supp. No. 16 at 51, U.N. Doc. A/6316, 999 U.N.Y.S. 171;

e.) violations of the Universal Declaration of Human Rights, Dec. 10, 1948, arts. 2, 5-6, 8, G.A. Res. 217 A (III), U.N.G.A.O.R., 3d Sess., Pt. 1, at 71, U.N. Doc. A/810;

f.) violations of the Standard Minimum Rules for the Treatment of Prisoners, Aug. 30, 1955, E.S.C. 663 C., 24 U.N.E.S.C.O.R. Supp. (No. 1) at II, U.N. Doc. A/CONF/611;

g.) violations of the Basic Principles for the Treatment of Prisoners, Dec. 14, 1990, Principles I, 6, A. Res. 45/III, U.N. G.A.O.R., 45th Sess., Supp. No. 49 A, at 199, U.N. Doc. A/45/49;

h.) violations of the Code of Conduct for Law Enforcement Officials, Dec. 17, 1979, arts. 1-2, 5-6, G.A. Res. 34/169, U.N. G.A.O.R., 34th Sess., Supp. No. 46 at 186, U.N. Doc. A/34/46;

i.) violations of the Principles of Medical Ethics Relevant to the Role of Health Personnel, Particularly Physicians, in the Protection of Prisoners and Detainees Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment, Dec. 8, 1982, G.A. Res. 37/194, U.N. G.A.O.R., 37th Sess., Supp. No. 51, U.N. Doc. A/37/194;

j.) violations of the Body of Principles for the Protection of All Persons under Any Form of Detention or Imprisonment, Dec. 9, 1998, Principle 1, G.A. Res. 43/173, U.N. G.A.O.R.

43d Sess., Supp. No. 49, U.N. Doc. A/43/49;

k) violations of title II of the Americans with Disabilities Act, 42 U.S.C. sections 12131 et seq.;

l) violations of section 504 of the Rehabilitation Act, 29 U.S.C. sections 794;

m) violations of U.N. Charter Art. 1 pars 2-3;

n) violations of the American Convention on Human Rights, Nov. 22, 1969, 1144 U.N.T.S. 123 (1978);

o) violations of the American Declaration of the Rights and Duties of Man, Mar. 30-May 2d, 1948, O.A.S. Res. XXX, O.A.S.O.F.F. Rec OEA (Ser I.L.IV. /I.4 Rev. (1965);

p) violations of jus cogens customary International Law and or customary International Law and or common law International Law prohibiting torturous, cruel, inhumane or degrading treatment or punishment of prisoners;

q) violations of jus cogens customary International Law and or customary International Law and or common law International Law prohibiting the discrimination and mistreatment of and denial of the needed medical attention to the seriously physically disabled/ill;

r) violations of 42 U.S.C. § 1983.

19

## RELIEF REQUESTED

A. As to each claim raised in this complaint (constitutional, International, statutory) award plaintiff declaratory relief against each and all defendants.

B. As to each claim raised in this complaint where applicable to such defendants award plaintiff punitive damages jointly and severally against all defendants named therein.

C. As to each claim raised in this complaint where applicable to such defendants award plaintiff actual damages jointly and severally against all defendants named therein.

D. Grant plaintiff injunctive[1] relief ordering the applicable defendants and their agents to [~~injunctive relief only sought on federal claims~~].

1. Refrain from denying plaintiff of the medical treatment needed to treat his serious medical needs.

2. Provide and cause plaintiff to be provided with the adequate medical treatment needed to treat his serious medical needs.

E. Award plaintiffs counsel attorney fees.

E. Award plaintiff costs and expenses incurred in prosecuting this action.

G. Grant such other relief as it may appear that plaintiff is entitled.

H. Not deny plaintiff of his ~~____~~, federal ~~_____~~ law rights[1] ever again injunction against defendants.

---

[1] Injunctive Relief is only sought on federal claims

20

JURY DEMAND  Yes ☑  No ☐

Signed this ___28th___ day of __May__

___ of 2014 .

_Xavier L Ball_
Signature of plaintiff

Name of plaintiff: Xavier Ball

Inmate Id No. B97475

Address: Pontiac Correctional Center
         P.O. Box 99
         Pontiac, Illinois, 61764

21