UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| XAVIER BALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14-1281 |
| | ) |
| WEXFORD HEALTH SOURCES, | ) |
| INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW AND CASE MANAGEMENT ORDER

This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). The Court has reviewed the Complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

The plaintiff, proceeding pro se, filed this lawsuit pursuant to 42 U.S.C. § 1983 claiming his constitutional rights were violated while he was housed at the Pontiac Correctional Center. The plaintiff claims that he suffers from an unspecified skin disease that Defendants are refusing to treat because of cost concerns. Plaintiff claims Defendants are refusing to treat his serious medical condition based upon a policy, custom, or practice implemented between Defendants Wexford Health and the State of Illinois/IDOC to save money. Plaintiff claims that he has been told that his treatment would require a month's hospital stay and would be very expensive. Plaintiff claims that Defendant Quinn, Godinez, and Wexford are liable to him based upon this policy of depriving medical treatment to save costs

The plaintiff named the Pontiac Correctional Center, State of Illinois and Illinois Department of Corrections as defendants. These are not proper defendants under 42

U.S.C. § 1983 because they are not a "person[s]" as that term is used in the statute, and because the State cannot be sued in federal court under the Eleventh Amendment. *Wright v. Porter County*, 2013 WL 11761909, *2 (N.D. Ind. Mar. 19, 2013) ("Wright also sues the jail itself, but this is a building, not a 'person' or even a policy-making body that can be sued for constitutional violations.").

The plaintiff alleges a claim under the Americans with Disabilities and Rehabilitation Act. The violation of these statutes alleged by Plaintiff is the denial of adequate health care, not that he was discriminated against because of his disability. As such, his allegation is insufficient to support an ADA or Rehabilitation Act claim, and that claim is dismissed. *E.g., Resel v. Fox,* 2001 WL 1654524, * 4 (7th Cir. Dec. 20, 2001)("[A] prison official does not violate the ADA when failing to attend to the medical needs of ... disabled prisoners."); *Perrey v. Donahue,* 2007 WL 4277621,* 4 (N.D. Ind. Dec. 3, 2007)("The Rehabilitation Act was not intended to require prison officials to provide medical treatment to prisoners with a serious medical needs."). The plaintiff also claims that defendants' denial of treatment constitutes torture in violation of international law. That claim is also dismissed for failure to state a claim.

The Court concludes that the plaintiff has stated an official policy claim against Wexford Health Sources, Inc., for depriving the plaintiff treatment for his skin disease in order to save costs, and an Eighth Amendment claim for deliberate indifference to a serious medical need. Accordingly, the case will be sent for service.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states and an official policy claim against Wexford Health Sources, Inc., and an Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Tilden, Odeayle, Numergut, Tinsley, Christy, and Kjellesvik. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion

requesting the status of service. After the defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the Clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) The defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6) This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the Clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8) The plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11) The clerk is directed to terminate Pontiac Correctional Center, State of Illinois, and the Illinois Department of Corrections as defendants.

12) The clerk is directed to attempt service on the remaining defendants pursuant to the standard procedures.

ENTER this 18th day of August, 2014.

/s/ Harold A. Baker

_____

HAROLD A. BAKER

United States District Judge